# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

TYSON EUGENE MARSHEK,          )
                                            )
              Petitioner,          )
           v.                          ) Civil Action
                                            ) No. 05-3158-CV-S-FJG-H
ROBERT McFADDEN, Warden,     )
                                            )
              Respondent.      )
                                            )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, has filed a petition for writ of habeas corpus with this Court, in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claim is without merit, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that he was entitled to 12 additional days of good conduct time credit ["GCTC"] because he only received 42 days of GCTC on December 23, 2003.

It is respondent's position that, under 18 U.S.C. § 3624(b), an inmate may receive up to 54 days of GCTC at the end of each year of imprisonment, which does not vest until his release date, and is conditioned on exemplary compliance with institutional disciplinary regulations. Additionally, the GCTC award is also conditioned upon whether inmates without a high school diploma either earn or make satisfactory progress toward earning a diploma or its equivalency.

In this case, respondent contends that petitioner received an incident report for refusing to obey a teacher's order on December 11, 2003, at FCI, Oxford, Wisconsin. On December 14, he

received loss of commissary privileges for 45 days as a direct sanction.  Although he took the GED test in December of 2003, and the FCI staff learned on January 6, 2004, that he had passed it, he was classified as GED UNSAT by the FCI staff for making unsatisfactory progress towards his GED, as of his anniversary date of December 23, 2003.

It is also respondent's position that petitioner's request for 12 days of GCTC is inconsequential because, during the following year, he received numerous disciplinary sanctions in which all of the GCTC he had accumulated during 2003 was lost.  It is asserted that even if he had received 54 days of GCTC on December 23, 2003, he would have lost every day of credit for which he was eligible due to those disciplinary sanctions between December 24, 2003, and December 23, 2004.

Having fully reviewed the record, the Court finds that petitioner's contention is without merit.  The law is clear that petitioner has no substantive due process right to good conduct time credit.  <u>Sandin v. Connor,</u> 515 U.S. 472, 484 (1995)(substantive due process rights limited to situations involving atypical and significant hardships in relation to ordinary incidents of prison life).  Under the statute, any GCTC an inmate is awarded is not vested until the date the inmate is released from custody.  18 U.S.C. § 3624(b)(2).  That award is discretionary with the BOP, and is dependent upon an inmate demonstrating "exemplary compliance with institutional disciplinary regulations."  18 U.S.C. § 3624(b)(1).  It is also contingent on an inmate without a high school diploma making satisfactory progress toward earning his GED.  If either of these contingencies is not satisfied, the BOP may award 42 days of GCTC, rather than the maximum 54 days.  In petitioner's case, the evidence indicates that he did not demonstrate exemplary compliance with institutional disciplinary regulations during the relevant time period.  Accordingly, he was not entitled to the full 54 days of

GCTC on the basis of the disciplinary violation. Further, given that the GCTC does not vest until an inmate is released from custody, the record supports respondent's contention that, based on the numerous disciplinary violations that occurred in 2004, petitioner would have ultimately lost all his GCTC for that time period. Because petitioner has no substantive due process right to GCTC, and because the record supports a finding that the BOP exercised its discretion in only awarding him 42 days for the time period in question, the Court finds that petitioner has failed to state a constitutional violation. Accordingly, it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for habeas corpus relief be dismissed without prejudice.


  /s/ James C. England
  JAMES C. ENGLAND, CHIEF
  United States Magistrate



Date: 5/5/06